In the Matter of ANDRE L., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, November 16, 1978

## APPEARANCES OF COUNSEL

*John F. McGlynn* of counsel *(William E. Hellerstein* and *Charles Schinitsky,* attorneys), for appellant.

## OPINION OF THE COURT

FEIN, J.

Appellant was charged in three delinquency proceedings with acts which, if committed by an adult, would constitute criminal possession of stolen property in the first degree. The first charge involved the theft of a sanitation truck; the second, almost a year later, pertained to the unauthorized use of a GMC truck; and the third, two months later, resulted from the unauthorized use of a bakery truck. A joint dispositional hearing was held on all three petitions.

The medical proof adduced at the hearing is conclusive as to appellant's need for therapeutic psychotherapy on a one-to-one basis. Appellant allegedly suffers from "masked depression." According to the expert testimony, therapeutic treatment with a clinical psychologist or psychiatrist is essential to any effort to effect appellant's rehabilitation. It was recommended that he be placed in a treatment oriented facility where he might obtain individual therapy and an opportunity to continue his education and receive vocational guidance. The psychiatrist who had examined appellant at the request of his Law Guardian was of the opinion that his acts were not motivated towards pecuniary gain, but rather by the thrill of being in command of something of value. He was said to be cognizant of the wrongfulness of his acts and to have expressed a desire not to repeat them. Dr. Schneider recommended that appropriate therapy should be furnished with an emphasis on the family.

The probation officer, however, recommended appellant's placement with a title III facility, primarily because appellant had absconded from at least six prior placements. The recommendation by the probation officer was made before he had seen the mental health studies relating to appellant and without considering the feasibility of placing appellant either with a title II facility or with a private agency which would

furnish both the requisite secured setting, and at the same time, offer therapeutic treatment in an ongoing psychotherapy program.

■ At the conclusion of the hearing, although the Family Court Judge found appellant to be in need of both supervision and treatment, the Judge rejected the request by the Law Guardian to adjourn the hearing pending receipt of the mental health studies. The court directed that appellant be placed with a title III facility because of his past record of absconding. No apparent attempt was made to ascertain whether such a facility would be equipped to offer the therapeutic treatment found to be necessary. Under the circumstances, this was error. Rather the court should have directed the probation officer to investigate and report as to the availability of adequately secured facilities which could offer appropriate therapeutic treatment.

■■ Section 711 of the Family Court Act provides that in any juvenile delinquency proceeding, "the court shall consider the needs and best interests of the respondent as well as the need for protection of the community." The 1976 amendment in effect created a dual standard requiring that the court take into account two fundamental concerns, i.e., the needs and best interests of the juvenile balanced with the need to protect the community against perpetrators of serious crimes. The appropriate remedy is the least restrictive confinement consonant with both purposes. Here, the court correctly perceived the appropriate standard to be applied under the statute. However, since the probation officer had never taken into account the availability of treatment oriented facilities with sufficient security deemed to be necessary, and since the report of the probation officer was rendered without having seen the mental health studies, the Family Court Judge should not have finally disposed of the matter on the insufficient record before him. The proceeding should have been adjourned with a direction to the probation officer to conduct a further investigation and to report as to whether there were available any facilities with appropriate psychotherapy treatment programs and which also had suitable security measures found to be necessary. It is undisputed on this record that appellant requires therapeutic treatment in a one-to-one ongoing psychotherapy program. The court found that the needs of the community required that appellant be placed in a secured facility. Overlooked by the court was the possibility of accom-

modating both the needs of the community and needs of the juvenile by directing placement in a secure facility equipped to render appropriate therapeutic treatment.

The dissent would affirm with a pious exhortation "that psychiatric treatment is not to be sloughed off at Title III facilities." This would hardly serve the best interests of Andre L. or the needs of the community, in the face of a record that the recommended specialized psychiatric treatment found to be necessary is not available at title III facilities and an order which merely directs placement at a title III facility.

We find remand for a further dispositional hearing to be necessary under the circumstances.

Accordingly, the orders, Family Court, New York County (TURRET, J., at dispositions; FELIX, McDONALD and TURRET, JJ., at fact findings), rendered February 28, 1978, adjudicating appellant a juvenile delinquent and directing placement with the Division for Youth, title III, should be reversed, on the law, without costs, and the matter remanded for a further dispositional hearing and further proceedings not inconsistent herewith. There should be a direction to the probation officer to investigate and report as to the feasibility of placing appellant with a facility which provides necessary security, while at the same time, is so oriented as to furnish therapeutic treatment in an ongoing psychotherapy program. The Family Court should explore all the possibilities for placement which will provide the appropriate psychiatric treatment in an adequately secured setting.

KUPFERMAN, J. P. (dissenting). I dissent and would affirm.

The majority with sophisticated legerdemain attempts to conjure up a magic formula for disposing of a difficult situation by sending the matter back for a further determination.

The issue is simple although the solution, unfortunately is not a happy one.

The juvenile has a strange predilection for stealing trucks. Obviously, psychiatric treatment is warranted. On the other hand, he has absconded from at least six previous placements. Obviously, a secure facility is warranted.

The court at the disposition opted in favor of a secure facility. This was not in derogation of psychiatric assistance but rather, because the system, imperfect as it is, does not seem to provide psychiatric help along with security.

Our quarrel should be with the system that provides in title III for one without the other.

We should inform the Division for Youth that psychiatric treatment is not to be sloughed off at title III facilities. While we cannot expect an Annie Sullivan as a dedicated "Miracle Worker" for a Helen Keller, we can anticipate a more responsive approach to the need indicated. But whatever the solution, the least relevant is another hearing.

BIRNS, MARKEWICH and SANDLER, JJ., concur with FEIN, J.; KUPFERMAN, J. P., dissents in an opinion.

Orders, Family Court of the State of New York, New York County, entered on February 28, 1978, reversed, on the law, without costs and without disbursements, and the matter remanded for a further dispositional hearing and further proceedings not inconsistent with the opinion of this court.