(May 8, 1979)

■ In the Matter of MICHAEL R., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County, entered May 3, 1978, adjudicating appellant a juvenile delinquent and placing him with the Division for Youth, Title III, for a period of 18 months, reversed, on the law, and the matter remanded for a new dispositional hearing, without costs or disbursements. After a fact-finding hearing, it was determined that the appellant committed acts which, if done by an adult, would have constituted robbery in the second degree (Penal Law, § 160.10) and criminal possession of a weapon (Penal Law, § 265.03). The sole issue presented upon appeal is whether the appellant should have been placed in a Title III program for 18 months at the dispositional hearing. The psychiatrist and psychologists, in their testimony and reports, basically agreed that the appellant had (i) learning disabilities; (ii) brain damage, and (iii) hyperkinesis. They recommended that appellant be given, *inter alia,* (i) remedial education, (ii) individualized psychotherapy, and (iii) closely supervised medical treatment for the hyperkinesis. Without considering the reports of the medical experts, the probation officer recommended the structured setting found in Title III programs. Although the probation officer had made requests to several private institutions and referral services upon the appellant's behalf, only one had given a response (negative) by the date of the dispositional hearing. The probation officer did not make any attempt to place the appellant with Protestant Federation agencies. Furthermore, it should be emphasized that court scheduling had prevented appellant's interview with Division for Youth (DFY) for possible placement in a Title II program where remedial education and intensive psychotherapy could be had. In this background, the court found that the structured setting of a Title III program was necessary. Section 711 of the Family Court Act provides that in any juvenile delinquency proceeding "the court shall consider the needs and best interests of the respondent as well as the need for protection of the community." *(Matter of Andre L.,* 64 AD2d 479, 481.) Placement in a Title III program (State training school) is a drastic course of action that should, where there are suitable options, only be used as a last resort *(Matter of John H.,* 48 AD2d 879). The court at the dispositional hearing gave proper consideration to the seriousness of the offense committed by the appellant, his prior history of absconding from his various residences and his tendency toward compulsive behavior. However, the court did not give equal consideration to the rehabilitative needs of appellant. The court should have adjourned the dispositional hearing until (i) the probation officer had received responses to all his inquiries, (ii) the probation officer had explored all feasible possibilities of placement, and (iii) the appellant had been interviewed by DFY. A new dispositional hearing should be had in accordance with this memorandum. Concur—Murphy, P. J., Bloom and Lane, JJ.; Silverman, J., concurs in the result.