■ In the Matter of Jose B., a Person Alleged to be a Juvenile Delinquent, Respondent, v City of New York, Appellant.—Order of disposition, Family Court, Bronx County, entered March 8, 1979, which adjudicated

---

* The defendant was in and out of various psychiatric institutions during the intervening five-year period.

respondent a juvenile delinquent and placed him with the New York State Division for Youth, Title III, for an initial period of 12 months, reversed, on the law, without costs, and the matter remanded for a further dispositional hearing. We do not doubt that the record of the dispositional hearing discloses an adequate basis for the court's determination that respondent should be placed with the New York State Division for Youth, Title III. Respondent had been adjudicated a juvenile delinquent in connection with acts that would have constituted criminal trespass if committed by an adult, had a number of court contacts involving charges of criminality over a period of time, and was a chronic truant. However, the record suggests at least a possibility that an alternative and less restrictive disposition might well have been appropriate. It was the failure adequately to explore any such alternatives that persuades us that a new dispositional hearing is necessary. Respondent had been treated on an intermittent basis by a psychiatrist who expressed the view in a letter that he had responded positively to treatment and that it would be better not to separate him from his home and a concerned and interested mother. The failure of the psychiatrist to appear at the dispositional hearing, which the Judge had requested of the Law Guardian, was presumably either his fault or that of the Law Guardian. We see no satisfactory explanation, however, for the omission of the probation officer to communicate with him to develop more fully the basis for his recommendation and to insure that it was made with a full understanding of the relevant facts. Nor is it clear why the court failed to make further efforts to secure the presence of a witness clearly important to the determination. Even more disturbing is the failure of the probation officer to have explored the possibility of private placement for someone conceded by all to require psychiatric attention. The explanation given, that respondent and his mother were both against such placement, is unpersuasive in view of the disposition ultimately recommended by the probation officer and accepted by the court. It may well be that a more complete inquiry will confirm the soundness of the disposition that was made. It may be that such an inquiry will point the way to another and less restrictive approach. At the very least, more complete information is required. (Cf. *Matter of Andre L.,* 64 AD2d 479; *Matter of Kevin M.,* 48 AD2d 800; *Matter of James K.,* 47 AD2d 946.) Concur—Birns, J. P., Fein, Sandler and Ross, JJ.

Silverman, J., dissents in a memorandum as follows: I would affirm the order of disposition. The majority agrees "that the record of the dispositional hearing discloses an adequate basis for the court's determination that respondent should be placed with the New York State Division for Youth, Title III." The majority orders a further dispositional hearing because of the "possibility that an alternative and less restrictive disposition might well have been appropriate." In the present case the probation officer recommended Title III placement. The Family Court's Mental Health Services recommended placement in a structured and supervised setting outside New York City. Appellant has had numerous court contacts, including charges of petit larceny, criminal mischief, criminal possession of stolen property, attempted burglary, theft of services, and possession of a controlled substance. He admitted to the Family Court psychologist his guilt as to "past allegations." Section 711 of the Family Court Act requires the court to "consider the needs and best interests of the respondent as well as the need for protection of the community." The Family Court Judge conducted a thorough and painstaking inquiry and concluded to make the disposition he did. No doubt a further inquiry is possible in any case. By the very nature

of the problem, very few dispositional orders can be fully satisfactory. But I do not think we are warranted in interfering with the reasonable disposition that the Family Court Judge here made. We are not the Trial Judge sitting in the Family Court.