In the Matter of CECIL L., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County, dated July 21, 1978, which, upon a finding after a hearing that the appellant had committed acts which, if done by an adult, would constitute the crime of sodomy in the first degree, adjudicated him a juvenile delinquent and placed him with the New York State Division for Youth for a period of three years. Order reversed, on the law, without costs or disbursements, and case remanded to the Family Court for a further dispositional hearing not inconsistent herewith. It was an improvident exercise of discretion to place the appellant with the New York State Division for Youth for a period of three years, of which the first year was to be spent confined in a secure facility and the second, assigned to a residential facility. The Family Court psychiatrist had recommended a restrictive placement for the appellant. At the dispositional hearing, however, he testified that if the appellant agreed to psychological treatment, the court could consider other less punitive alternatives as had been recommended by other doctors who had examined the appellant. He also suggested that in the event that the appellant agreed to treatment, further evaluation be conducted by doctors who had not previously examined the appellant in order to assess the advisability of those alternatives which he had not considered. The appellant thereafter stated that he would be amenable to psychological treatment. Further evaluation was scheduled but was never performed. Thus, the order was made without consideration of less onerous dispositions. Under these circumstances, the court should have explored the other suitable options at its disposal. Restrictive placement should only be

used as a last resort *(Matter of John H.,* 48 AD2d 879). This principle has application in any case, but it is especially relevant in one where, as here, the juvenile has an outstanding academic record, comes from a strong and cohesive family, has no previous record and has elicited strong psychiatric recommendations against restrictive placement. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.