OPINION OF THE COURT
Rhoda J. Cohen, J.
In this juvenile delinquency proceeding, the issue before the court is whether a juvenile has the right to assert the 5th Amendment privilege against self-incrimination during a court-ordered mental health evaluation to be used at the dispositional hearing.
*1080 After a finding was made in this matter that the respondent committed an act which if committed by an adult would constitute a violation of Penal Law §§ 110.00,155.25 (attempted petit larceny), this court ordered a mental health evaluation of the respondent. The Law Guardian moved for an order permitting her to be present during the evaluation of her client and to intervene in order to protect her client’s privilege against self-incrimination as guaranteed by the US Constitution 5th Amendment.
The Assistant Corporation Counsel who appeared as the presentment agency, has consented to the Law Guardian’s silent presence at the evaluation but opposes any order which would permit the Law Guardian to intervene in any way. A second Assistant Corporation Counsel appearing on behalf of the Mental Health Services of the City of New York also consented to the silent presence of the Law Guardian and objected to any intervention which might interrupt the evaluation. The appearance of two attorneys from the same division of the Corporation Counsel representing two different interests raises a second issue of the possibility of a conflict which will be discussed later in this decision.
The Law Guardian argues that because the respondent is compelled to participate in a mental health study ordered by the court, and because his statements made during this evaluation may be used against him at a dispositional hearing, he has the right to refuse to answer certain questions. His attorney, therefore, should have the right to intervene during the evaluation to advise him to assert this right.
This court is not persuaded by the Law Guardian’s argument and finds that there exists no privilege against self-incrimination at the dispositional stage of a delinquency proceeding.
The nature of the dispositional hearing is unique to Family Court. On the one hand, since the court must determine whether a respondent requires supervision, treatment or confinement before considering the appropriateness of any disposition this hearing may be considered an extension of the fact-finding hearing. In fact, in addition to the allegation that the respondent committed certain specific acts, every petition must allege that the respondent requires supervision, treatment or confinement. (Family Ct Act § 311.1 [3] [j].) This later determination is made at the dispositional hearing. If the court finds in the negative the petition must be dismissed. (Family Ct Act § 352.1 [2].) However, the purpose of the dispositional hearing is that *1081 the court determine the respondent’s needs, balance those needs with the consideration of public safety, and formulate a disposition appropriate to the respondent. (Family Ct Act § 352.2.) In order to accomplish this, the court must have access to as much reliable information about the respondent as possible. The Family Court Act provides more latitude at this stage of the proceeding to explore the respondent’s background and present needs. As opposed to the more stringent evidentiary standards at the fact-finding hearing, Family Court Act § 350.3 provides that evidence submitted at a dispositional hearing need be only material and relevant. Hearsay is admissible. Whereas the burden of proof at a fact-finding hearing is beyond a reasonable doubt, Family Court Act § 350.3 requires proof by a preponderance of the evidence. Furthermore, the Family Court Act mandates at least a probation investigation prior to disposition in all delinquency proceedings except those involving minor findings where there is no question of placement. (Family Ct Act § 351.1.) The intent of the Legislature is clearly to provide a broad scope of review by the court. Statements made by the respondent at the initial intake probation interview, while not admissible at fact finding, are therefore admissible at the dispositional hearing. Statements made by the respondent to the probation officer conducting a court-ordered investigation after fact finding are admissible at the dispositional hearing. And statements made to an examiner during a court-ordered mental health evaluation are also admissible at disposition. To restrict the post-fact-finding investigations by permitting a respondent to refuse to cooperate would result in withholding from the court information relevant to its determination of the respondent’s needs and would undermine the legislative intent. These interviews often reveal a youngster’s general behavior at home and at school; his involvement in other delinquent activity; his responsiveness to supervision; the presence of mental illness, other emotional problems or learning disabilities.
Despite the latitude provided by the statute, the dispositional hearing is structured to provide adequate protection of the respondent’s right to receive a fair hearing. All evidence considered by the court must be reliable and the court must order a disposition which is appropriate to the respondent with the least restriction to his liberty. (Family Ct Act § 352.2 [2]; see also, Matter of Andre L., 64 AD2d 479; Matter of Norman R., 109 Misc 2d 5.) The presence and participation of both the Law Guardian and the presentment agency at the dispositional hearing, now mandated by Family Court Act §§ 350.3 and 350.4, should ensure the reliability of the information presented to the court. *1082 In order to effectively cross-examine the preparers of court-ordered reports both attorneys should have the opportunity to be present not only during mental health evaluations, but at probation interviews as well. This presence, however, is for the sole purpose of enabling the attorneys to prepare and participate at the dispositional hearing.
The second issue before the court is whether the appearance by two attorneys from the same division and the same office of the Corporation Counsel, each representing a different interest at this hearing, has created a conflict of interest. The Law Guardian argues that there exists such a conflict and has moved to preclude the presentment agency from participating in this hearing. The position of the Corporation Counsel’s office is that there exists no conflict because the two attorneys have maintained separate and independent positions.
This court has great difficulty accepting the position of the Corporation Counsel. A brief review of the proceedings will bring the problem to light. The Law Guardian initially made an oral motion for an order permitting her to be present at the mental health study of her client and to participate. Assistant Corporation Counsel “A” appearing on behalf of the presentment agency made no objection to the Law Guardian’s motion to be present. The court granted the Law Guardian’s request to be heard further on her motion to be permitted to participate on a date when a representative from the court clinic could be present to advise the court of their position. On the next court date, attorney “A” appeared on behalf of the presentment agency and the Law Guardian appeared. Attorney “A’s” position remained unchanged but the hearing was adjourned at the request of the clinic. On the next date, attorney “A” appeared on behalf of the presentment agency, the Law Guardian appeared, and Assistant Corporation Counsel “B” appeared on behalf of the court clinic. Assistant Corporation Counsel “B” objected to the Law Guardian’s presence or participation at the mental health study and requested a full hearing on the Law Guardian’s entire motion. At this time the court raised the question that by representing two different interests with two different positions, the Corporation Counsel’s office had created a conflict of interest. The response from Corporation Counsel’s office was that only certain supervisory members of the staff were assigned to represent the clinic and that there would be no cross representation. Attorney “A” would represent the presentment agency and attorney “B” would represent the clinic. On the next adjourned date an affirmation in opposition to the Law Guardian’s motion was submitted by attorney “A” on behalf of the presentment agency *1083 objecting to every part of the Law Guardian’s motion and in effect reversing his original partial consent. Attached to this affirmation in support of attorney “A’s” arguments was an affidavit from the director of the Mental Health Study Clinic of New York County. This affidavit was notarized by attorney “B”. Attorney “B” did not submit any written response to the Law Guardian’s motion. On the date of the hearing, attorney “B” appeared. On behalf of both the presentment agency and the clinic he consented to the silent presence of the Law Guardian at the mental health study evaluation and objected to any participation by her.
Despite assurances to the contrary, the two attorneys from Corporation Counsel’s office have not appeared separate and independent of each other in this matter. The more important question is whether the attorney representing the presentment agency has compromised his exercise of independent judgment to any serious degree. The presentment agency does not represent an individual client, it is the petitioner in all delinquency proceedings. (Family Ct Act § 311.1 [1].) Pursuant to Family Court Act § 254 (a), the Corporation Counsel of the City of New York is the authorized presentment agency. As such, it is mandated to participate in all stages of the delinquency proceeding from pretrial to appeal.
It is the duty of the presentment agency to seek justice in all delinquency proceedings (see, Code of Professional Responsibility, EC 7-13) and in that context to promote the purposes of the Family Court Act. Family Court Act § 301.1 states those purposes as they pertain to delinquency proceedings:
“§ 301.1. Purpose
“The purpose of this article is to establish procedures in accordance with due process of law (a) to determine whether a person is a juvenile delinquent and (b) to issue an appropriate order of disposition for any person who is adjudged a juvenile delinquent. In any proceeding under this article, the court shall consider the needs and best interests of the respondent as well as the need for protection of the community.
“Added L. 1982, c. 920, § 1.”
The presentment agency must therefore remain independent and objective during every stage of the proceeding. The interests of the court clinic should not be the concern of the presentment agency. As this court stated earlier in this decision, in order to more effectively cross-examine the preparer of a mental health study at the dispositional hearing, the attorney appearing on behalf of the presentment agency might have wished to be *1084 present with the Law Guardian at the evaluation interview. He might wish to disagree with the conclusions reached by the clinic at the dispositional hearing. By choosing to appear both as the attorney representing the clinic and the presentment agency the Corporation Counsel has needlessly created a conflict which undermines the performance of its primary duty in this proceeding.
Since only the Corporation Counsel may act as presentment agency (Family Ct Act § 254), the court cannot disqualify that agency and assign another attorney to appear in their place. Therefore, in view of the fact that this court considers the abdication by the presentment agency of its proper role as serious misconduct, and also takes into consideration the nature of the finding in this matter (an attempt to take money and tokens from a token booth) and the fact that at the time the finding was made this respondent was before the Supreme Court in another matter for which he was subsequently sentenced, it is ordered that this proceeding be and is hereby dismissed in furtherance of justice pursuant to Family Court Act § 315.2 (1) (c).