■ In the Matter of DOUGLAS R. S., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Slobod, J.), dated February 20, 1986, which, upon a fact-finding order dated October 7, 1985, made upon his plea of guilty, finding that the appellant committed acts which, if done by an adult, would have constituted the crime of petit larceny, adjudged him a juvenile delinquent and placed him for a period of not more than 18 months in the custody of the Commissioner of the Orange County Department of Social Services.

Ordered that the order is modified, on the law, by reducing the period of placement from a period of not more than 18 months to a period of not more than 12 months. As so modified, the order is affirmed, without costs or disbursements.

The appellant was adjudged a juvenile delinquent on his plea admitting that he had committed an act which, if done by an adult, would have constituted the crime of petit larceny under Penal Law § 155.25. Following the dispositional hearing, the court determined that the appellant required supervision, treatment or confinement and ordered that he be committed to the custody of the Commissioner of the Orange County Department of Social Services for residential placement. The court specifically noted the appellant's need for treatment of his alcohol abuse problem.

Initially, we observe that the Family Court lacked the authority to place the appellant for a period of 18 months upon finding that he had committed an act, which, if committed by an adult, would have been a misdemeanor. Family Court Act § 353.3 (5), the applicable statute, provides, in pertinent part, as follows: "If the respondent has committed a misdemeanor such initial period of placement shall not exceed twelve months". Accordingly, we have modified the order of disposition to provide for a 12-month placement *(see, Matter of Carmen R.,* 123 Misc 2d 238, 242).

The appellant urges this court to reverse the order of disposition on the ground that the Family Court abused its discretion in ordering placement without first considering less restrictive dispositional alternatives. We conclude that the Family Court, acting within the broad discretion granted to it under the Family Court Act *(see,* Family Ct Act § 141), has

reached a determination consistent with the directive of Family Court Act § 352.2 (2). That latter section directs the court to "order the least restrictive available alternative enumerated in subdivision one which is consistent with the needs and best interests of the respondent and the need for protection of the community" (§ 352.2 [2] [a]).

At the dispositional hearing, a probation officer, who had prepared a predispositional report for presentation to the court, testified that on the basis of his investigation he recommended that the appellant be placed in a structured setting, i.e., residential placement, where he would receive alcohol counseling and treatment. He based his recommendation upon his conversations with the appellant, his parents, school officials, the local police, and upon the reports of a psychologist and psychiatrist who had worked with the appellant and his parents for brief periods and the report of a school psychologist who had examined the appellant. The predispositional report is replete with instances of the appellant's aggressive and increasingly violent behavior toward authority figures, particularly the police. While the appellant and his parents tend to minimize the role alcohol has played in the instances of the appellant's criminal and antisocial behavior, there can be little doubt, based upon the record, that the appellant has a serious problem with alcohol abuse which has exacerbated if not actually caused his criminal encounters. Nor does the explanation of "peer group pressure" serve as an adequate ameliorative excuse for the appellant's continued serious pattern of alcohol abuse. Significantly, one of the appellant's encounters with the police occurred only four days after he admitted to the petit larceny charge underlying the instant proceeding. This demonstrates that the appellant's negative behavior has not been altered by his experience with law enforcement authorities and the court system.

At this juncture, the court system, acting as *parens patriae,* shoulders a grave responsibility to act in the appellant's best interests while at the same time fulfilling its obligation to safeguard the community from the harm threatened by the appellant's behavior. We do not doubt the sincerity of the concern expressed by the appellant's parents or their genuine desire to assist in the appellant's rehabilitative efforts. Nevertheless, the appellant's negative behavior has grown to the extent that it is now beyond his parents' ability to control. While the efforts most recently undertaken on the appellant's behalf are to be commended, we are of the view that the Family Court properly concluded, after conducting a thorough

inquiry, that a structured residential setting would offer the appellant his best opportunity for rehabilitation while affording the community the protection to which it is entitled. We therefore affirm the order of disposition as modified. Thompson, J. P., Rubin and Spatt, JJ., concur.

Eiber, J., concurs in part and dissents in part and votes to reverse the order of disposition and to remit the matter for a new dispositional hearing, with the following memorandum. Upon review of the record, it is my considered opinion that it was not only legal error, but an improvident exercise of discretion for the Family Court to have committed the appellant to the custody of the Commissioner of Social Services for placement in a residential facility for a period of not more than 18 months.

Although the appellant, for a period of several months, did behave in an antisocial manner, it was established and recognized by all of the parties involved herein that this behavior was related to, if not caused by, the appellant's abuse of alcohol. At the dispositional hearing, the appellant testified that he was desirous of altering his life-style and that his previous encounters with law enforcement authorities appeared to be directly related to his consumption of alcohol. The appellant indicated, moreover, that, like many teenagers in the United States, and, perhaps, worldwide, his drinking problem emanated, at least initially, from peer-group pressure, and his apparent inability to overcome such pressure.

In an effort to effectuate his desire to live within the community and within the parameters imposed by society and the law, the appellant, with the love, support and assistance of his family, enrolled in a private parochial school, and further, received regular counselling and guidance with a priest who is an experienced child psychologist and who had formerly been the director of family counselling for the Archdiocese of New York.

According to the law of this State, in determining an appropriate order of disposition in connection with a child who has been adjudicated a juvenile delinquent, a court is obligated to consider the needs and best interests of that child as well as the need to protect the community (see, Family Ct Act § 352.2; Matter of Katherine W., 62 NY2d 947; Matter of Michael R., 70 AD2d 521; Matter of Andre L., 64 AD2d 479). Furthermore, restrictive placement should only be used as a last resort (see, Matter of Cecil L., 71 AD2d 917; Matter of John H., 48 AD2d 879), after consideration of less onerous

alternatives has been undertaken and found to be inappropriate *(see, Matter of Jose B. v City of New York,* 71 AD2d 551; *Matter of Daniel B.,* 43 AD2d 861).

The appellant in the present case is a member of a strong, cohesive and caring family who, despite great financial burdens and personal sacrifice, has now taken an active and positive course of action in furtherance of his rehabilitation. Under these circumstances, it is my belief that the court should have explored other suitable and less restrictive options at its disposal, and that a new dispositional hearing should be ordered to assess the advisability of those alternatives.