■ In the Matter of RAYMOND A., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated March 6, 1987, which, upon a fact-finding order dated November 13, 1986, made upon his plea of guilty, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, adjudged him a juvenile delinquent and placed him on probation for a period of nine months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We find no abuse of discretion in the disposition made by

the Family Court. At the dispositional hearing, the appellant's probation officer and the court liaison officer recommended probationary supervision based upon the nature of the incident and the appellant's poor school attendance and performance. Evidence was also adduced at the hearing that the appellant had been participating in an after-school youth program conducted by the 61st Police Precinct where he received tutoring and that he had demonstrated improvement in his school grades and attendance. The record reveals that the court considered the appellant's improved school record but found that not only was it relatively modest so that appellant was merely elevated to a "borderline" student but also that the evidence of improvement in both school attendance and performance was too recent to conclude that the instant offense constituted an isolated error in judgment. Our review of the record confirms that the Family Court properly concluded, after conducting a thorough inquiry, that a period of probation would serve the appellant's present needs and best interest, while affording the community protection *(see,* Family Ct Act § 352.2 [2]; *Matter of Katherine W.,* 62 NY2d 947; *Matter of Douglas R. S.,* 123 AD2d 868; *Matter of Michael R.,* 70 AD2d 521). Furthermore, the Family Court adopted the least restrictive alternative commensurate with those concerns *(see,* Family Ct Act § 352.2 [2]). The appellant argues that the proceeding should have been adjourned in contemplation of dismissal as the "least restrictive alternative". The Family Court gave due consideration to the appellant's application for such disposition and properly rejected it upon its finding that the appellant required a period of supervision longer than the maximum six-month adjournment period available upon an adjournment in contemplation of dismissal *(see,* Family Ct Act § 315.3). Particularly noteworthy in this regard is the court's statement that it would seal the record upon the appellant's application after his successful completion of his probationary period. Thus, if the appellant has complied with the court's directives, he may be given appropriate relief from the stigma of the juvenile delinquency adjudication. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.