■ In the Matter of SIMONE S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Feiden, J.), dated April 5, 1989, which, upon a fact-finding order of the Family Court, Ulster County (Peters, J.), dated February 27, 1989, made upon the appellant's plea of guilty, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of petit larceny, adjudged her a juvenile delinquent and placed her in the custody of the New York State Division for Youth, Title III, for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We find that the Family Court order placing the appellant in a Title III facility was not an improvident exercise of discretion. At the dispositional hearing, the probation officer assigned to the appellant's case recommended placement in a Title III secure facility on the basis of the appellant's tendency to abscond from nonsecure facilities and her aggressive and uncontrollable behavior, and because neither of the two private agencies contacted, nor the appellant's maternal grandmother, with whom she had previously resided, would accept her. The probation officer also stated that in her professional opinion no other private nonsecure facility would accept the appellant in light of the appellant's poor record established on her prior placement in a nonsecure facility.

We find that the Family Court properly determined within the parameters of the broad discretion granted to it under the Family Court Act *(see,* Family Ct Act § 141) that a restrictive placement was the least restrictive alternative commensurate with the concerns expressed in Family Court Act § 352.2 (2) and that such placement would serve the appellant's present needs and best interest, while affording the community protection *(see, Matter of Katherine W.,* 62 NY2d 947; *Matter of*

*Anthony M.,* 142 AD2d 731; *Matter of Raymond A.,* 136 AD2d 700). Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.