■ In the Matter of RAFAEL M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition of the Family Court, Bronx County (Marjory D. Fields, F.C.J.), entered January 8, 1990, adjudicating the appellant a juvenile delinquent and placing him in the custody of Pius XII, a private agency, or alternatively, with Title II of the Division for Youth (DFY), for a period of one year, unanimously affirmed, without costs.

On August 9, 1989, appellant, while driving a stolen automobile, attempted to flee when the police approached, and eventually struck a sanitation truck. At a fact-finding hearing on the juvenile delinquency petition he admitted to acts which, if committed by an adult, would constitute unauthorized use of a vehicle in the third degree. Appellant was

paroled on condition that he observe a curfew and attend the Alternatives to Detention (ADT) day-school program run by the Department of Probation. That order was later modified to direct appellant to attend public school, and an ADT after-school program.

At the dispositional hearing, the probation officer testified that appellant did not take the situation seriously, and that he expressed no concern about having crashed and damaged a stolen automobile. Appellant did not attend school for the fall semester, although he did go to ADT after-school classes. He had a history of truancy, and his mother had brought a PINS petition in April 1989 alleging that appellant did not attend school, did not obey her, associated with undesirable older boys and had left home without her permission. The Mental Health Services (MHS) psychologist found appellant to have a low average intellectual function, low self-esteem, limited judgment and poor impulse control, and also found that appellant gave untrue answers regarding his home and school history. The MHS psychologist recommended that appellant be placed in a structured environment where his behavior could be monitored and he could receive counseling to help him acquire self-esteem and self-control. A DFY staff member testified that DFY Title II would provide appellant with educational, recreational and prevocational services.

Appellant's witnesses, a psychologist and a certified social worker, testified that placement away from home would damage appellant's self-esteem, that appellant would be more appropriately placed in an experimental high school program called "Youth Opportunity Unlimited", and that appellant and his mother could receive counseling at a local mental health clinic. The court determined that appellant needed supervision and control not available in his home, and that placement in a private facility or DFY Title II was the least restrictive alternative in light of appellant's needs and the available facilities and services.

Appellant urges reversal of the order of disposition essentially on the basis that the evidence showed that appellant's needs would best be served by the less restrictive alternative of probation, and that no reasonable efforts were made to eliminate the need for placement prior to the dispositional hearing. We find, however, that Family Court acted within the broad discretion granted it under Family Court Act § 141 and reached a conclusion consistent with the directive of Family Court Act § 352.2 (2), to wit, that placement was the least restrictive alternative consistent with the needs of the appel-

lant and the protection of the community *(Matter of Anthony M.,* 142 AD2d 731; *Matter of Douglas R. S.,* 123 AD2d 868). Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.