■ In the Matter of SANDRA XX., a Person Alleged to be in Need of Supervision, Appellant. WILLIAM E. HANMER, Respondent.—Levine, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered November 9, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

The Dean of Students of the middle school that respondent attended filed a person in need of supervision (hereinafter PINS) petition against her in July 1989, alleging 36 unexcused absences of respondent from school and her failure to take final exams for the 1988-1989 school year. Respondent was assigned a Law Guardian and admitted the material allegations in the petition at a fact-finding hearing on August 3, 1989. The matter was adjourned to August 24, 1989 for a dispositional hearing and respondent was released to her mother's custody with the direction, inter alia, "to be in school all day, every day, on time". There was a further adjournment to August 28, 1989, at which time respondent and her mother failed to appear and a warrant was issued. Respondent voluntarily surrendered and was placed in a detention facility pending the dispositional hearing. She was later released to

the custody of her aunt and was again directed to attend school regularly.

Respondent's dispositional hearing was ultimately held on November 9, 1989. Family Court had before it a psychological assessment placing respondent in the low average range of ability, with nonverbal skills substantially superior to her verbal abilities, yielding a composite IQ score of 100. The psychological report noted respondent's discouragement with school and her withdrawal from academic experiences. It recommended that she receive additional educational assistance and counseling related to her academic concerns. A probation report had also been submitted to the court, stating that she had been administratively promoted to ninth grade at the beginning of the school year because of her age and the availability of vocational training at the high school. However, the report noted a number of additional unexcused absences and tardiness and concluded that her mother was inadequate in terms of ensuring her school attendance. The report also expressed regret that the committee on the handicapped had left respondent unclassified and that she was not receiving any of the specialized educational assistance that the previous psychological assessment had found she needed. The probation report recommended that she be placed with the State Division for Youth (hereinafter DFY).

At the dispositional hearing, respondent and her mother expressed their opposition to the placement with DFY and contended that some of the additional absences were legitimate. Respondent also asked that, if placement was necessary, she be sent to a foster home in the same community. Family Court responded by explaining that there were no foster homes available and that a foster home would not "give the kind of structure that we feel * * * is needed here anyway". A representative of DFY was present and informed the court that DFY was referring respondent to various voluntary childcare institutions. Respondent was subsequently placed by the court with DFY for a period of 18 months. This appeal followed.

At the outset, we reject respondent's attack on the constitutionality of the PINS statute (Family Ct Act art 7) (see, McKeiver v Pennsylvania, 403 US 528; Matter of Patricia A., 31 NY2d 83). Respondent's objections to the manner in which her dispositional hearing was conducted have more merit. At a dispositional hearing in a PINS case, the court should consider the least restrictive custodial disposition consistent with the child's requirements for treatment and/or supervi-

sion *(see, Matter of Jose B. v City of New York,* 71 AD2d 551, 552). Moreover, a placement, if necessary, should be at a facility or with an agency capable of providing services tailored to the child's special needs *(see, Matter of Andre L.,* 64 AD2d 479, 481-482).

It is incumbent upon the child's assigned Law Guardian to perform an active role in exploring realistic dispositional alternatives, including the possibility of retaining the child at home or in the community with the provision of preventive services *(see, Matter of Elizabeth R.,* 155 AD2d 666, 668; *Matter of Jasmine H.,* 88 AD2d 996, 997; *see also,* New York State Bar Association, *Law Guardian Representation Standards* [Person in Need of Supervision Proceedings], standard F-1 and commentary, at 115-116 [July 1988] ). The Law Guardian should advocate for the needs and wishes of the child he or she represents if the child is of sufficient maturity "to make reasoned decisions about how the case will be handled" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 241, at 187; *see,* New York State Bar Association, *Law Guardian Representation Standards* [Person in Need of Supervision Proceedings], standard F-4, at 119). "[A]n adolescent alleged to be a juvenile delinquent or a person in need of supervision will presumably be able to make the fundamental case handling decisions" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 241, at 187).

In the instant case, while the placement decision of Family Court has some support in the probation report and the colloquy at the hearing, the record is devoid of anything but the most casual reference demonstrating that alternatives were seriously considered permitting respondent's retention in the community with intensive services. Nor was there any apparent consideration of whether the facilities contemplated by DFY for respondent's actual placement offered the specialized educational services identified by the psychological assessment as respondent's essential needs. Moreover, again, insofar as the record reveals, respondent's Law Guardian did not play an active role in ensuring that respondent's rights to the foregoing dispositional considerations were honored. Thus, we are unable to ascertain from the record whether fundamental errors were committed in the disposition of respondent's case. Rather than interrupt what may be an appropriate placement of respondent by reversing the dispositional order herein, we withhold decision pending an immediate further dispositional

hearing with procedures and findings not inconsistent herewith.

Decision withheld, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this court's decision. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.