■ In the Matter of DEVON H., a Person Alleged to be in Need of Supervision, Appellant. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [617 NYS2d 549] —Yesawich Jr., J. Appeals from two orders of the Family Court of Otsego County (Nydam, J.), entered May 24, 1993 and June 22, 1993, which, in a proceeding pursuant to Family Court Act article 7,

---

granted petitioner's motion to place respondent in the custody of the Division for Youth.

By an order of disposition entered October 29, 1992, respondent, who was at the time 13 years old and had been voluntarily placed in foster care approximately a year earlier by her mother, was adjudged a person in need of supervision and placed in the custody of petitioner, the Otsego County Department of Social Services (hereinafter the Department), which in turn placed her at St. Anne's Institute, a residential facility. In time, however, respondent became unmanageable and was no longer welcome at that facility, prompting the Department to apply, by order to show cause, for placement with the Division for Youth in accordance with the recommendation of St. Anne's staff. Family Court ordered respondent to undergo an in-patient psychological and psychiatric evaluation at Mohawk Valley Psychiatric Center (hereinafter the Center), and the report detailing the results of that evaluation indicated that she did quite well at the Center, suggested that she be "given another chance at residential placement and/or possibly foster care", and recommended against placement in a Division for Youth facility.

Family Court found that placement in "a nurturing, empathetic environment", with personal care, would best serve respondent's needs, and adjourned the proceedings for approximately a month to allow the Department to find an opening in a residential or group setting that would satisfy these requirements. An appeal from the order implementing this decision was filed by respondent. The Department was, however, unable to locate either a foster home or an appropriate facility willing to accept respondent. After holding a hearing, at the Law Guardian's behest, to elicit whether the Department had made diligent efforts to find a suitable placement, the court reluctantly agreed with Department personnel that no residential placement could be found, and therefore respondent would have to be placed with the Division for Youth. Respondent also appeals from the court's order implementing that decision, arguing that Family Court should have adjourned the proceeding and required that the Department search even more exhaustively for a proper placement before committing her to the Division for Youth.

Because Family Court neglected to include in its order the reasons for modifying its previous disposition (see, Family Ct Act § 754 [2]), ordinarily the proper course would be to withhold any decision on appeal and remit the matter for correction of the order (see, Matter of Robert U., 189 AD2d 1014,

1015; *but cf.,* Family Ct Act § 763). Here, however, the time necessary for such a remittal would undoubtedly render this appeal moot and, inasmuch as Family Court has fully explained its decision on the record, the need for an early decision impels us to consider the merits of respondent's position.

As to the merits, respondent makes much of the fact that the Department, in its attempt to secure the preferred placement, did not include in the package of descriptive materials sent to private facilities the most recent evaluative report from the Center. Family Court specifically considered this omission, however, and found it unlikely that inclusion of the full report—notably, the cover letter outlined the Center's recommendations for placement—would have precipitated a more favorable response. We note that even after granting the Department's motion, the court directed the Department to continue searching for a suitable residential or group home opening, and beyond that solicited suggestions in this regard from respondent's mother, her attorney and the Law Guardian; not insignificantly, in a memorandum dated approximately two weeks after the order, Family Court observed that no home or facility that might better serve respondent's needs had been brought to its attention by anyone.

Given the circumstances confronting Family Court, we reject respondent's contention that the court abused its broad discretion *(see, Matter of Simone S.,* 160 AD2d 1008) by opting for finality and stability, when it placed respondent with the Division for Youth, rather than continuing a temporary placement and granting another adjournment, absent evidence that a more suitable facility would become available in the foreseeable future.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the orders are affirmed, without costs.