■ In the Matter of JORGE F., a Person Alleged to be a Juvenile Delinquent, Appellant. [— NYS2d —] —Order of disposition, Family Court, Bronx County (Richard N. Ross, J.), entered September 20, 1994, which modified an earlier order

entered September 9, 1993, and adjudicated respondent a juvenile delinquent upon a finding that he had committed acts which, if committed by an adult, would constitute the crimes of rape in the first degree (two counts), sodomy in the first degree and incest, and placed him with the Division for Youth for three years, with initial confinement in a secure facility for 12 months and thereafter in a residential facility for 9 months, unanimously modified, on the law, the facts and in the exercise of discretion in the interest of justice, to place respondent with the Division for Youth for confinement in a limited secure facility for a period not to exceed 18 months, with the possibility of extension of such placement as needed, and as so modified, affirmed, without costs. The appeal from the order of September 9, 1993, insofar as it directed placement in a residential facility for the second 12 months, unanimously dismissed as superseded by the order of September 20, 1994, without costs.

We affirm the adjudication of delinquency and the factual findings made by Family Court as fully supported by the record.

However, since the stay of that aspect of Family Court's disposition requiring confinement for one year in a secure facility, issued by Justice Kupferman on September 27, 1993, we note that respondent has made considerable progress toward rehabilitation in the less constrictive setting where he has been receiving treatment, and that this type of placement has proved to be more in conformity with the "least restrictive available alternative * * * consistent with the needs and best interests of the respondent and the need for protection of the community" mandated by Family Court Act § 352.2 (2) (a). To insist, after the 2½ year lapse of time presented here, that the harsher alternative now be imposed would, in our view, constitute an abuse of discretion (see, Matter of Cecil L., 71 AD2d 917, lv dismissed 48 NY2d 755; Matter of John H., 48 AD2d 879), and we modify accordingly. Concur—Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.