OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
*948 Respondent was adjudicated a juvenile delinquent after she admitted to petit larceny in full satisfaction of the delinquency petition. A dispositional hearing was held, at which the senior psychologist of the Family Court clinic, respondent’s probation officer, and a Division for Youth court liaison worker testified. Based on their recommendations, respondent was ordered placed in a Division for Youth Title III facility for a 12-month period. The Appellate Division affirmed, without opinion.
On this appeal, respondent argues that the Family Court abused its.discretion in placing respondent in a Title III facility. She notes that these facilities are the most restrictive and secure type of facility run by the Department for Youth and that they are usually reserved for juveniles with the most egregious delinquency records. Respondent contends that the Family Court failed to order the least restrictive confinement that would be consistent with both respondent’s best interest and the need to protect the community (see Matter of Cecil L., 71 AD2d 917; Matter of Donna H., 70 AD2d 521; Matter of Andre L., 64 AD2d 479; see, also, Family Ct Act, § 352.2, subd [2]). In support of this position, respondent asserts that the Family Court failed to consider less restrictive alternatives or whether respondent’s special medical, educational, and dietary needs could be attended to in a Title III facility.
At the dispositional hearing, the court-retained psychiatrist testified that due to respondent’s volatile temper, other psychological problems, and past acts of violence, her interests would be best served in the most structured environment available. Other evidence indicated that respondent had fled from other nonsecure settings and that none of four less secure facilities for which respondent was eligible would accept her. Finally, the relative advantages and disadvantages of placing respondent in a secure facility were ventilated at the dispositional hearing. On this record, it cannot be said as a matter of law that the Family Court abused its discretion in ordering respondent placed in the Title III facility.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, without costs, in a memorandum.