■ In the Matter of DANIEL VV., a Person Alleged to be a Juvenile Delinquent, Appellant. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Yesawich, Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered December 7, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In October of 1984, respondent admitted the allegations underlying a petition seeking to have him adjudged a juvenile delinquent. An order of disposition entered November 1, 1984 placed him in petitioner's custody for 18 months for placement in foster care. Because of misconduct by respondent occurring subsequent to that order, petitioner applied for and obtained a second dispositional hearing which was held on December 3, 1984, at the close of which respondent was consigned to the care and custody of the State Division for Youth (DFY) for 18 months. On this appeal, respondent's sole ground for reversing that disposition is Family Court's refusal to place him with his father. We affirm.

Family Court Act § 352.2 (2) directs the court to "order the least restrictive available alternative enumerated in subdivision one which is consistent with the needs and best interests of the respondent and the need for protection of the community". That directive has been complied with. Respondent's father, a United States Air Force captain stationed in Alabama, proposed that the boy be put on probation and placed in his custody. The father promised to return respondent to the psychiatric hospital in Louisiana where respondent had received treatment on two prior occasions. Petitioner had several compelling reasons for resisting the father's proposal: twice before such placement had failed to remediate respondent's penchant for stealing automobiles and other personal property; the severity of his misconduct while in foster care for only one month indicated that he was indeed a threat to the community and required State intervention and control; and petitioner would be deprived of any continued supervision over him if the case was transferred to Alabama.

Inasmuch as respondent had, during the month in foster care, feigned hanging himself on the front porch of the foster home, set fire to the garage, stolen diamond earrings from the foster mother, stolen the foster family's car as well as other property and then fled to a remote location, there is ample basis for concluding that respondent's interests, and that of the community, warranted placing him in a secure, structured environment under the auspices of the DFY.

Order affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.