■ In the Matter of WILLIAM J., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Corrado, J.), dated December 7, 1984, which, upon a fact-finding order dated October 10, 1984, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of rape in the first degree, placed him with the Division for Youth, Title III, for a period of three years, the first year in a secure facility, the second year in a residential facility, and the third year in a group home. The appeal brings up for review the fact-finding order dated October 10, 1984.

Order of disposition affirmed, without costs or disbursements.

The evidence in the record indicates that there was proof beyond a reasonable doubt that the appellant intentionally and forcibly raped the three-year-old victim. The child's testimony was corroborated by the appellant's confession to the police, as well as the objective medical evidence and testimony of the other witnesses. We find no basis to disturb the Family Court's findings with respect to the credibility of the witnesses and the weight to be given to their evidence (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

We also find no merit to the appellant's argument that the Family Court abused its discretion in placing him in a Title III facility. At the dispositional hearing, the testimony of the psychiatrist retained by the court, the probation officer, and the court counselor from the Division for Youth emphasized that the appellant's behavior during recent months and during his interviews displayed an angry demeanor with expressions of violent ideas and fantasies. They concurred in their opinion that the appellant required a placement in a highly structured facility with educational, psychiatric, and behavior modification resources. The record further reveals that although the court considered the appellant's past success in a nonrestrictive setting, it concluded that his present needs and his best interest, as well as that of the community, required his placement in a restrictive setting. On this record, we cannot say that the Family Court abused its discretion (see, Matter of Katherine W., 62 NY2d 947).

We have reviewed all of the appellant's remaining contentions and find that they are without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.