■ In the Matter of TERRY LL., Alleged to be a Person in Need of Supervision, Appellant. RANSOM P. REYNOLDS, JR., as Chemung County Attorney, Respondent.—Casey, J.

Respondent was adjudicated a juvenile delinquent based upon his admission of the allegations contained in four petitions. The most serious of the acts admitted by respondent was setting fire to an automobile. At the time of his appearance in Family Court on three of the petitions, on November 10, 1988, respondent and his family were participating in an early intervention program due to respondent's disruptive and antisocial behavior. Upon respondent's admission to the allegations of the three petitions, the matter was adjourned and the Probation Department was directed to prepare an investigation report. The court also noted that a diagnostic report

was being prepared in connection with respondent's participation in the early intervention program, and indicated that disposition would be based upon the results of these reports, together with other relevant information.

Respondent next appeared in Family Court on January 12, 1989 when he admitted the allegations of the fourth petition, which alleged that he threw rocks at an elementary school and broke a window less than two weeks after his prior court appearance. Based upon assurances from respondent's mother and a caseworker that home supervision had improved, Family Court again adjourned the matter, admonishing respondent that "[a]ny deviation [and] you'll be placed in secure detention immediately".

A dispositional hearing on the four petitions was held February 2, 1989, in which it was noted that respondent had been suspended from school the previous day for fighting. Family Court noted that the probation report and diagnostic evaluation had been completed, and expressed its concern over the serious nature of respondent's misbehavior, respondent's apparent lack of remorse and disregard for the rules of society. Respondent was placed in the custody of the State Division for Youth for a period of up to 18 months.

Respondent contends on this appeal that the dispositional hearing was procedurally improper since no witnesses were called and the Probation Department did not present a summary of its report or make any additional statements concerning alternative dispositions. Respondent, who was represented by counsel, did not call any witnesses and made no request that the Probation Department summarize its report or make additional statements. It is clear that respondent's counsel had reviewed the relevant reports and had discussed the disposition with respondent and respondent's family. Although Family Court Act § 350.4 authorizes Family Court to call witnesses and direct that a probation report be summarized (Family Ct Act § 350.4 [1], [2]), the language of the statute makes it clear that these procedures are permissive, not mandatory.

Respondent also contends that Family Court violated Family Court Act § 352.2 (2) since the disposition was not the least restrictive available alternative disposition which is consistent with the needs and best interests of respondent and the need for protection of the community. We disagree. The record amply justifies Family Court's conclusion that the interests of both respondent and the community would best be served by

respondent's placement in a secure facility *(compare, Matter of Daryl S.,* 143 AD2d 835, *with Matter of Gomez,* 131 AD2d 399). Respondent's continued antisocial behavior while in an early intervention program and during an adjournment following his admission to the allegations of the first three petitions, together with the seriousness of the misbehavior and other facts revealed in the probation report and diagnostic evaluation, establish that Family Court did not abuse its discretion *(see, Matter of Katherine W.,* 62 NY2d 947).

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.