■ In the Matter of DEMITRIS O., Alleged to be a Juvenile Delinquent, Appellant. ALBANY COUNTY ATTORNEY'S OFFICE, Respondent. [598 NYS2d 103] —Appeal from an order of the Family Court of Albany County (Tobin, J.), entered April 3, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, and placed respondent with the Division for Youth.

When this appeal was initially before us, we found that Family Court's order contained inconsistencies and also failed to specify the type of facility in which respondent would be placed *(see,* Family Ct Act § 353.3 [3]). Accordingly, we withheld decision and remitted the matter to Family Court for further clarification (191 AD2d 909). On remittal Family Court specified that its intention was to place respondent with the Division for Youth for a period of one year with the authorization that such placement could be in a secure facility.

Respondent's challenge to his placement in a restrictive facility has become moot as a result of the expiration of the one-year placement period that was directed in the dispositional order *(see, Matter of Darryl G.,* 184 AD2d 204; *Matter of Gerald H.,* 158 AD2d 599). In any event, it does not appear that Family Court improvidently exercised its discretion in placing respondent in a restrictive facility *(see, Matter of*

*Edward B.,* 170 AD2d 270; *Matter of Dennis ZZ.,* 159 AD2d 880; *Matter of Terry LL.,* 158 AD2d 861). Respondent's previous performance on probation on two prior juvenile delinquency petitions proved to be unmotivated. In addition, other placement referrals all rejected respondent after consideration was made of his social and legal history *(see, Matter of Katherine W.,* 62 NY2d 947). Family Court also took into consideration the reports of two psychologists who specifically found that a structured setting with 24-hour supervision was required.

Weiss, P. J., Mikoll, Mercure, Mahoney and Casey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.