■ ˙ In the Matter of SHAWN V., a Person Alleged to be a Juvenile Delinquent, Appellant. ALEXANDER B. ISABEL, as Assistant Montgomery County Attorney, Respondent. [600 NYS2d 393] —Mahoney, J. Appeal from an order of the Family Court of Montgomery County (Mycek, J.), entered June 25, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was adjudicated a juvenile delinquent after he admitted to petit larceny in full satisfaction of the delinquency petition. Following a dispositional hearing, Family Court ordered him placed in a State Division for Youth title III facility for 12 months. Claiming principally that the court abused its discretion in determining that the Division for Youth placement was the least restrictive available alternative *(see,* Family Ct Act § 352.2 [2]), respondent now appeals.

There must be an affirmance. In determining the least restrictive available alternative, Family Court is to be guided not only by the needs and best interest of the juvenile, but also the need for protecting the community (Family Ct Act § 352.2 [2]; *Matter of Katherine W.,* 62 NY2d 947, 948). Here, a review of the psychiatric, psychological, social and educational reports prepared at the court's request, the probation report and respondent's own testimony establish, beyond peradven-

ture, that respondent has serious emotional and behavioral problems which render him not only a threat to himself, but to others in the community. He has been expelled from several schools in the past and is routinely on bus or school suspension from his current school for aggressive, assaultive and antisocial behavior. As a result of his sporadic school attendance and his refusal to perform assigned schoolwork, he is failing each of his classes. In addition, the probation report is replete with instances of respondent's increasingly violent behavior over the past several years. Notable among such instances are his regular threats of physical violence to fellow students and persons in his neighborhood, physical assaults upon classmates and neighborhood boys, display of sexual aggression toward female students, production of a knife on the school bus, his appearance naked in view of students on the school bus and, according to his teacher, one incident where he apparently laid on the floor in a school classroom and began masturbating while other students were present and watching. Moreover, at least one instance of self-abusive behavior was noted. All of the professionals who evaluated respondent strongly recommended secure placement and indicated that direct placement in the community was unwise because it may easily result in continued antisocial conduct. Significantly, the examining psychologist's report indicated that certain tests administered to respondent revealed him to be at risk for committing a sex offense.

While, admittedly, when respondent went to stay with his mother and her husband for five days during pendency of the dispositional hearing his behavior was adequate, in our view this does not compel the conclusion that placement with her would be the least restrictive alternative. This is especially so in view of the serious and longstanding nature of respondent's difficulties, the obvious threat he poses to the community and the recommendations of the psychologist and social worker, made after interviewing the mother, that structured and supervised residential care was indicated. Indeed, when viewed as a whole there can be little doubt that ample evidence exists to support Family Court's conclusion that the least restrictive available alternative which would best meet respondent's needs and those of the community was to place him in a Division for Youth facility (see, e.g., *Matter of Terry LL.*, 158 AD2d 861; *Matter of Douglas R. S.*, 123 AD2d 868; *Matter of Daniel VV.*, 115 AD2d 802).

We have reviewed respondent's remaining contention and find it to be without merit.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered

that the order is affirmed, without costs.