■ In the Matter of KAHEEM G., a Person Alleged to be a Juvenile Delinquent, Appellant. [895 NYS2d 93]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about March 13, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously modified, on the law, to the extent of reducing the finding as to robbery in the first degree to robbery in the third degree, reducing the finding as to menacing in the second degree to menacing in the third degree, and vacating the finding as to criminal possession of a weapon in the fourth degree and dismissing that count of the petition, and otherwise affirmed, without costs.

The evidence did not establish any of the charges requiring the presence of a dangerous instrument, as defined in Penal Law § 10.00 (13). The court found the device which appellant used to intimidate the victims to be a slingshot, rather than a "confetti popper," as appellant described it in his testimony. There is no basis to disturb this factual determination. Nonetheless, there was no evidence that the slingshot was loaded or otherwise operable. While a slingshot that is loaded with a rock or other hard projectile may certainly be a dangerous instrument, an empty slingshot is not. Here, the evidence did not establish that appellant's slingshot "under the circumstances in which it [was] used, attempted to be used or threatened to be used, [was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). However, the evi-

dence established all the elements of third-degree robbery and third-degree menacing, including the intent element for each of those crimes, and we reject appellant's arguments to the contrary.

Even with this modification, we conclude that the 18-month placement is the least restrictive alternative consistent with appellant's needs and the need for protection of the community (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). Concur— Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.