■ In the Matter of ALBERTO R., a Person Alleged to be a Juvenile Delinquent, Appellant. [923 NYS2d 91]—

Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about June 8, 2010, which adjudicated appellant a juvenile delinquent upon a finding that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, including its evaluation of inconsistencies in testimony. The evidence established that appellant was not a bystander, but an active participant in the robbery.

The court properly exercised its discretion when it denied appellant's request for an adjournment in contemplation of dismissal, and instead adjudicated him a juvenile delinquent and placed him on probation. Given the seriousness of the underlying offense, this was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ.

■ MORRISON COHEN LLP, Appellant, v DAVID FINK, Respondent. [922 NYS2d 777]—Appeal from order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered December 9, 2010, which conditionally granted defendant's motion to vacate a default judgment awarding plaintiff $254,023.70, unanimously dismissed, with costs.

The court conditioned the grant of vacatur of the default judgment on defendant's withdrawal of his appeal to this Court from the default judgment. This Court denied defendant's motion to withdraw his appeal after the appeal was perfected. Because defendant failed to meet the motion court's express condition for vacatur, the grant of vacatur never became effective. Concur—Tom, J.P., Catterson, Moskowitz and Manzanet-Daniels, JJ.