■ In the Matter of JEAN T., a Person Alleged to be a Juvenile Delinquent, Appellant. [934 NYS2d 1]-

The placement was a proper exercise of the court's discretion

that constituted the least restrictive alternative consistent with appellant's needs and best interests and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). Soon after he had been discharged from a prior placement that had resulted from a drug sale, appellant took part in a sale of cocaine and, while that case was pending, repeated the same criminal behavior (*see e.g. Matter of Jancarlos S.*, 55 AD3d 370 [2008]). Furthermore, appellant did not attend school and had serious behavioral problems at home.

The court accepted the recommendations of the Department of Probation and the Department of Health and Mental Hygiene, and rejected that of a representative of an intensive community-based program. There is no basis for disturbing that determination. The court reasonably concluded that appellant's behavior could not be controlled without a residential placement. Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ.