Order, Supreme Court, Bronx County (Jeanette Ruiz, J.), entered on or about June 23, 2011, which adjudicated appellant a juvenile delinquent upon his admission that he had committed an act that, if committed by an adult, would constitute the crime of grand larceny in the fourth degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.
Appellant was appropriately adjudicated a juvenile delinquent. The Family Court was in the unique position of having heard appellant’s admission to stealing a cell phone from another child’s pocket, and having witnessed appellant’s demeanor. The court heard the arguments of counsel at both the fact-finding and dispositional hearings, and reviewed the school records indicating a significant number of suspensions and absences. Accordingly, the determination to order the 12 months’ probation requested by the presentment agency, rather than the adjournment in contemplation of dismissal (ACD) requested by *436 the law guardian, was a provident exercise of discretion. The court imposed the least restrictive alternative available consistent with appellant’s best interests and the need for protection of the community (see Family Ct Act § 352.2 [2] [a]; Matter of Katherine W., 62 NY2d 947 [1984]).
Appellant allocuted to having committed acts that would constitute the crime of fourth-degree grand larceny (an E felony). He also had a history of serious disciplinary issues in school, including attendance problems and numerous suspensions (some involving violent behavior such as fighting, possession of a weapon, and insubordination), which provided added justification for supervision at a higher level and for a longer term than an ACD would have provided (see e.g. Matter of Christina M., 92 AD3d 556 [2012] [12 months’ probation warranted]; Matter of Lena I., 87 AD3d 936 [2011] [same]; see Matter of Florin R., 73 AD3d 533 [2010] [same]).
As the Department of Probation and the court recognized, 12 months of probation was reasonable here in an effort to deter future criminal misconduct, to monitor appellant’s education, including ensuring that he is in an appropriate school setting and receives tutoring (if deemed necessary). The court also ordered that when school is not in session, appellant be referred to programs providing structured activities, such as soccer and/or basketball, in which appellant has expressed an interest. Concur — Gonzalez, PJ., Saxe, Sweeny, Acosta and Renwick, JJ.