■ In the Matter of FIDAN G., a Person Alleged to be a Juvenile Delinquent, Appellant. [955 NYS2d 867]—

The court's finding was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the court's determinations concerning credibility and identification. The victim's testimony established that appellant, acting in concert with several other youths, intentionally and repeatedly punched and kicked him (*see Matter of Kaseem W.*, 50 AD3d 521 [1st Dept 2008]). Physical injury was established by the victim's testimony that the attacks resulted in, among other things, swelling to his jaw, abrasions on his arms, and back pain that required him to take prescribed medication for three months (*see People v Haith*, 44 AD3d 369 [1st Dept 2007], *lv denied* 9 NY3d 1034 [2008]; *Matter of Veronica R.*, 268 AD2d 287 [1st Dept 2000]).

Appellant failed to request an adjournment in contemplation of dismissal as the least restrictive alternative, and the court properly exercised its discretion in denying his request to dismiss the petition (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). The aggravating circumstances of this serious offense, appellant's failure to take responsibility for his actions, and his poor academic performance and school attendance record warranted the 12-month period of supervision (*see e.g. Matter of Zion F.*, 92 AD3d 589 [1st Dept 2012]; *Matter of Ahmed I.*, 49 AD3d 319 [1st Dept 2008]). Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.