Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about March 30, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he had committed an act that, if committed by an adult, would constitute the crime of robbery in the second degree, and placed him on enhanced supervision probation for 18 months, directed restitution and ordered three months of drug testing, unanimously affirmed, without costs.
The court properly denied appellant’s motion to suppress physical evidence and a showup identification as fruits of an allegedly unlawful entry into an apartment. Exigent circumstances justified the warrantless entry (see People v McBride, 14 NY3d 440, 445-446 [2010], cert denied 562 US —, 131 S Ct 327 [2010]). The police were in close pursuit of fleeing suspects who had just been identified by the victim as the robbers who had threatened to stab and shoot him. Police officers saw the suspects and a third person entering a building, and one of the officers saw a suspect entering a particular apartment. The fact that the person who came to the door was not one of the suspects did not dispel the exigency; in any event, one of the suspects was visible just inside the apartment. Once the police lawfully entered the apartment, they were justified in conducting a security sweep (see Maryland v Buie, 494 US 325 [1990]). This led to the arrest of appellant, and the recovery of the victim’s property, which was in plain view.
We have considered and rejected appellant’s arguments *595 concerning the court’s conduct and rulings at the suppression hearing. Appellant was not deprived of a fair hearing.
The court’s finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s determinations concerning identification and credibility.
The disposition was the least restrictive alternative consistent with appellant’s needs and the community’s need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]), and there is no reason to modify it in any respect. Concur — Friedman, J.E, Moskowitz, DeGrasse, Richter and Gische, JJ.