■ In the Matter of Joy T., a Person Alleged to be a Juvenile Delinquent, Appellant. [964 NYS2d 511]—

Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about April 4, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree, and placed her on probation for a period of 12 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the court's determinations concerning credibility. The evidence established that appellant threw an unopened can of soda at the victim's face from a distance of five feet away, and then punched the victim twice even as a school official was intervening. This evidence supports the inference that appellant intended to cause physical injury. There was ample evidence that appellant actually caused physical injury, in that the victim testified that the attack resulted in, among other things, pain, swelling and bruising that lasted a week, for which he sought medical treatment (*see generally People v Chiddick*, 8 NY3d 445, 447 [2007]). The soda can qualified as a dangerous instrument because, under the circumstances of its use, it was readily

capable of causing serious physical injury (*see Matter of Nehial W.*, 227 AD2d 101 [1st Dept 1996]).

Probation was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]), in light of, among other things, the violent nature of this offense, and appellant's poor academic performance and school attendance record. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Richter, JJ.