Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about January 25, 2013, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of assault in the first degree and criminal possession of a weapon in the fourth degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.
The court properly denied suppression of appellant’s statement to the police. There is no basis for disturbing the court’s credibility determinations. The record establishes that appellant was not questioned until after the police gave Miranda warnings to both appellant and his mother, that the police complied with the requirements of Family Court Act § 305.2 (7), and that the statement was voluntary (see Matter of Jimmy D., 15 NY3d 417 [2010]).
The court properly denied appellant’s motion to suppress identification evidence. There was nothing suggestive about the police photo array. We find no basis for suppression in the fact that there may have been a civilian-arranged single-photo identification, made prior to the police procedure and without any police involvement (see Perry v New Hampshire, 565 US —, 132 S Ct 716 [2012]; People v Marte, 12 NY3d 583, 587 [2009], cert denied 559 US 941 [2010]). In any event, the identification was reliable and the court’s findings of independent source are also supported by the record. Appellant’s assertion that the victim did not see who stabbed him is meritless because immediately after the stabbing, the victim turned and saw appellant wielding a knife and being restrained by other persons.
The court’s fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence included both reliable identification testimony and appellant’s voluntary confession.
The placement was a proper exercise of the court’s discretion *577 that constituted the least restrictive dispositional alternative consistent with appellant’s needs and the community’s need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]), particularly in light of the extreme seriousness of appellant’s attack on the victim. Concur — Friedman, J.E, Renwick, Freedman and Feinman, JJ.