■ In the Matter of Jose P., a Person Alleged to be a Juvenile Delinquent, Appellant. [981 NYS2d 512]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about January 28, 2013, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute attempted criminal sexual act in the first and third degrees, attempted sexual abuse in the first degree, sexual abuse in the third degree, and forcible touching, and placed him on probation for a period of 12 months, unanimously modified, on the law, to the extent of vacating the findings as to attempted criminal sexual act in the third degree and attempted sexual abuse in the first degree and dismissing those particular counts of the petition, and otherwise affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The counts indicated should have been dismissed as lesser included offenses. We have considered and rejected appellant's remaining claims regarding the fact-finding determination.

Probation was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]). Among other things, the underlying incident was a violent sexual attack, the record demonstrated that appellant was in need of a treatment program that could not be completed within the six-month duration of an adjournment in contemplation of dismissal, and there was little or no indication that appellant and his mother would voluntarily cooperate with treatment in the absence of court supervision. Concur—Tom, J.P., Friedman, Acosta, Andrias and Richter, JJ.