■ In the Matter of D'ANDRE R., a Person Alleged to be a Juvenile Delinquent, Appellant. [28 NYS3d 53]—

Order of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about October 28, 2014, as amended on or about November 6, 2014, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of sexual abuse in the third degree, and placed him in the custody of the New York City Administration for Children's Services for a period of 12 months, unanimously affirmed, without costs.

The petition was legally sufficient. The child victim's unsworn statement was fully supported by sworn depositions from two adults. Defendant's arguments concerning the "swearability" of the victim and the sufficiency or voluntariness of appellant's admission are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

To the extent that appellant is challenging his placement, that issue is moot because the placement has been completed. While appellant's challenge to his adjudication as a juvenile delinquent is not moot, all of his arguments for alternative dispositions, including an adjournment in contemplation of dismissal, which he improperly requests for the first time in his reply brief, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the court properly exercised its discretion by adjudicating appellant a juvenile delinquent and ordering placement for a period of 12 months, which was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]), in light of, among other things, the seriousness of appellant's sex offenses against his much younger brother, and the opinions of two clinical psychologists.

The court's use of a "crossover" procedure, allowing for the sharing of records between this proceeding and a related neglect proceeding, did not cause appellant any prejudice. Any conflict of interest was promptly avoided through the assignment of new counsel. Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.