Matter of A.H. (2017 NY Slip Op 03041)





Matter of A. H.


2017 NY Slip Op 03041


Decided on April 20, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 20, 2017

Acosta, J.P., Renwick, Manzanet-Daniels, Webber, Gesmer, JJ.


3443

[*1]In re A. H., A Person Alleged to be a Juvenile Delinquent, Appellant.
Presentment Agency


Tamara A. Steckler, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Qian Julie Wang of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about January 14, 2016, which adjudicated appellant a juvenile delinquent upon her admission that she committed an act that, if committed by an adult, would constitute the crime of resisting arrest, and placed her on probation for a period of 12 months, unanimously affirmed, without costs.
The court providently exercised its discretion in adjudicating appellant a juvenile delinquent, rather than a person in need of supervision, and placing her on probation for 12 months with the requirement that she participate in services. This was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (see Matter of Katherine W. , 62 NY2d 947 [1984]). An adjudication as a juvenile delinquent requires two findings. First, based on appellant's plea, the court found that she had committed acts that, if committed by an adult, would be a crime (Family Court Act § 342.2). Second, based on appellant's reported history of attacks on her mother and others, violation of curfew, running away from home, truancy, gang involvement, and drug use, among other things, the court found that appellant was in need of a treatment program (Family Court Act § 352.1). The court also noted that the statutory enforcement mechanisms available under a PINS adjudication are inadequate to ensure compliance with such a program (Matter of Edwin G ., 296 AD2d 7, 11 [1st Dept 2002]). Accordingly, the court's determination was a proper exercise of its discretion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 20, 2017
CLERK