Matter of Messiah G. (2018 NY Slip Op 02883)





Matter of Messiah G.


2018 NY Slip Op 02883


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6371 6370

[*1]In re Messiah G., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Megan E.K. Montcalm of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about February 16, 2017, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of criminal sexual act in the first and third degrees, sexual abuse in the first and third degrees, sexual misconduct and unlawful imprisonment in the second degree, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs.
The court's findings were based on legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence established appellant's accessorial liability under Penal Law § 20.00. The victim's testimony established that appellant acted in concert with two other youths to hold the victim down to the floor while one of appellant's accomplices subjected the victim to oral sexual conduct (see Matter of Andre N., 282 AD2d 273, 274 [1st Dept 2001], lv denied 96 NY2d 717 [2001]; see also Matter of Rashaun S., 46 AD3d 412 [1st Dept 2007]).
The court providently exercised its discretion in adjudicating appellant a juvenile delinquent, imposing a conditional discharge, and denying his request for an adjournment in contemplation of dismissal. The conditional discharge was the least restrictive alternative in light of the seriousness of the offense, appellant's failure to accept responsibility for his conduct, and the need for a year-long period of supervision to ensure compliance with a treatment program (see Matter of Katherine W., 62 NY2d 947 [1984]).
Appellant's conclusory assertion that various counts should be dismissed as lesser included offenses of first-degree criminal sexual act is unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK