Matter of David R. (2018 NY Slip Op 03640)





Matter of David R.


2018 NY Slip Op 03640


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6623

[*1]In re David R., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about March 21, 2017, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he had committed acts that, if committed by an adult, would constitute attempted criminal sexual act in the first degree, sexual abuse in the first and third degrees, attempted sexual abuse in the first and third degrees, forcible touching, and attempted sexual misconduct, and placed him on level two probation for 12 months, unanimously modified, on the law, to the extent of vacating the finding as to attempted third-degree sexual abuse and dismissing that count, and otherwise affirmed, without costs.
The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. With regard to attempted crimes, the evidence satisfied the requirement that the offenses come dangerously close to completion (see People v Naradzay, 11 NY3d 460, 466-468 [2008]).
As the presentment agency concedes, the attempted third-degree sexual abuse count should be dismissed as a lesser included offense. However, we decline to dismiss any other counts.
Probation was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]). The underlying incident was a violent sexual attack. Furthermore, appellant did not take responsibility for his actions or express remorse, and his school disciplinary and academic record was poor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK