Matter of Elijah R. (2019 NY Slip Op 03446)





Matter of Elijah R.


2019 NY Slip Op 03446


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9203

[*1]In re Elijah R., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about September 20, 2017, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree, and placed him on probation for a period of 12 months, unanimously modified, on the law, to the extent of dismissing the petit larceny count, and otherwise affirmed, without costs.
The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning identification and credibility. The evidence established that the victim was very familiar with appellant, who was her fellow student.
The court providently exercised its discretion in imposing probation rather than granting appellant's request for an adjournment in contemplation of dismissal. Probation was the least restrictive alternative consistent with appellant's needs and those of the community (see Matter of Katherine W., 62 NY2d 947 [1984]). The seriousness of the offense as well as appellant's poor academic, attendance and disciplinary record at school and at home warranted a 12-month period of supervision.
However, we dismiss the petit larceny count as a lesser included offense of grand larceny in the fourth degree.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK