Matter of Donovan C. (2019 NY Slip Op 07330)





Matter of Donovan C.


2019 NY Slip Op 07330


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10039

[*1] In re Donovan C., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Anna B. Wolonciej of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about July 17, 2018, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of sexual abuse in the first and third degrees, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs.
The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The victim's delay in reporting the incident was adequately explained. We have considered and rejected defendant's remaining arguments on this issue.
The court also providently exercised its discretion in adjudicating appellant a juvenile delinquent and imposing a 12-month conditional discharge, which was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]), given, among other things, the seriousness of the underlying sexual offense against a young child. An adjournment in contemplation of dismissal would not have ensured that, after its term expired, appellant would have remained in and completed an appropriate treatment program.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK