Matter of Justin M. (2020 NY Slip Op 06859)





Matter of Justin M.


2020 NY Slip Op 06859


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Docket No. D-002698/19 Appeal No. 12439 Case No. 2019-03566 

[*1]In the Matter of Justin M., (Anonymous) a Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency.


Larry S. Bachner, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Carol Goldstein, J.), entered on or about August 5, 2019, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal trespass in the second degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.
Appellant's challenges to his admission are unavailing. Appellant admitted that he knowingly entered a building unlawfully (see Penal Law § 140.00[5]), and appellant's argument to the contrary conflates the standards for a valid admission (the equivalent of a guilty plea) with the evidentiary requirements for a determination at a fact-finding hearing. The court adequately [*2]explained to appellant the rights he was waiving as well as the possible dispositional alternatives, and appellant's mother's allocution appropriately incorporated appellant's allocution by reference (see Matter of Chris R., 145 AD3d 467 [1st Dept 2016]).
Appellant waived his right to a timely fact-finding hearing. Appellant's counsel requested the adjournments at issue and expressly waived any speedy hearing claim.
The court appropriately exercised its discretion in imposing a 12-month term of probation, which was the least restrictive alternative consistent with appellant's needs and the community's need for protection (see Matter of Katherine W., 62 NY2d 947 [1984]). We have considered and rejected appellant's remaining claims regarding the disposition. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020